IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

DESIREE FINLEY,

        Plaintiff,

v.

LAW OFFICES OF CRYSTAL
MORONEY, P.A., CRYSTAL MORONEY,
and TRS RECOVERY
SERVICES, INC.,

        Defendants.

Case Number: _____

Division: _____

**JURY TRIAL DEMANDED**

_____/

## COMPLAINT

COMES NOW the Plaintiff, DESIREE FINLEY, ("Ms. Finley"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, LAW OFFICES OF CRYSTAL MORONEY, P.A. ("LOCM"), CRYSTAL MORONEY ("Moroney"), and TRS RECOVERY SERVICES, INC. ("TRS"), as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Finley against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 *et. seq.*, and the FCCPA, section 559.55, Florida Statutes, *et. seq.*

3. Defendants are subject to the provisions of the FCCPA and FDCPA and are subject to the jurisdiction of this Court pursuant to section 48.193, Florida Statutes.

1

2014CC-000229-0000-00      Received in Polk 01/13/2014 10:40 PM

4. Venue is proper in Polk County because the acts complained of were committed and / or caused by Defendants within the County.

## PARTIES

5. Ms. Finley is a natural person residing in Polk County, Florida.

6. The Law Offices of Crystal Moroney, P.C. ("LOCM") is a New York professional corporation with a primary address of 119 Rockland Center, Suite 390, Nanuet, NY 10954.

7. Although LOCM conducts business in Florida, it has failed to register as a foreign corporation and thus has no Florida registered agent.

8. LOCM's registered agent in the state of New York is Crystal Moroney, Esq., 119 Rockland Center, Suite 390, Nanuet, New York 10954.

9. Crystal Moroney ("Moroney") is an attorney, licensed to practice law in New York, and is substantially in control of the day-to-day operations and policies and procedures for her firm, LOCM.

10. TRS Recovery Systems ("TRS") is a Texas corporation with a primary business address of 5251 Westheimer, Houston, TX 77056, registered in Florida as a foreign corporation, with a registered agent of Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

11. At all times relevant, Defendants were acting as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(6) Florida Statutes, in that they sought to collect a consumer debt alleged due to another party.

2014CC-000229-0000-00      Received in Polk 01/13/2014 10:40 PM

## FACTUAL ALLEGATIONS

12. In September 2008, Ms. Finely allegedly incurred a financial obligation of $77 to the original creditor, CVS Pharmacy, for a returned check.

13. The debt arose from the purchase of goods, specifically medication, which were primarily for family, personal, or household purposes and which meets the definition of "debt" under 15 U.S.C. §1692a(5) and section 559.55(1), Florida Statutes.

14. At some point, the debt was purchased or assigned by the original creditor to TRS, a check guarantee and debt collection company.

15. TRS holds Florida consumer collection agency ("CCA") license number 0900426.

16. During January 2013, the debt was assigned or transferred to LOCM for collection, or LOCM was employed by TRS to collect the debt.

17. Thereafter, during January 2013, LOCM began collection efforts by reporting the alleged debt to Equifax, a national consumer credit reporting agency ("CRA"), as an unpaid collection account.

18. LOCM reported a tradeline, stating that the amount of the debt was originally $77 but that the current balance was $332. SEE PLAINTIFF'S EXHIBIT A.

19. The tradeline further stated the date of original delinquency was September 2008, and that the original creditor was "CVSD."

20. LOCM actions constituted collection of a consumer debt on a Florida resident, regarding a debt alleged to have been incurred in Florida, and on behalf of an original creditor with a physical presence in the state of Florida.

3

21. As such, LOCM was required to register with the Florida Office of Financial Regulation as an out-of-state debt collector and obtain a Florida Consumer Collection Agency ("CCA") license, prior to making any collection attempts.

22. LOCM lacks a valid Florida CCA. **SEE PLAINTIFF'S EXHIBIT B.**

23. "CVS Pharmacy" is the true original creditor, not "CVSD."

24. At no point did LOCM mail written notice to Ms. Finley of its intent to collect a debt.

25. Section 68.065(2), Florida Statutes (2013), states the maximum fee which can be charged for a returned check under $300 is $30, and therefore the most LOCM could legally have attempted to collect from Ms. Finley was $107.

26. Despite Florida law to the contrary, LOCM attempted to collect $332.

27. During October 2013, Ms. Finley called LOCM and spoke with a collector identifying herself as Samantha Miller ("Miller").

28. In the conversation, Miller stated that if Ms. Finley did not pay the $332, CVS would instruct LOCM to "file a judgment" for recovery of the $332 and that Ms. Finley would have her wages garnished and incur other legal bills.

29. Miller also referenced the tradeline LOCM had reported to Equifax, and stated it would remain indefinitely on Ms. Finley's credit report "until it's settled, by choice or in court."

30. Miller also stated that non-payment could result in criminal prosecution, and that CVS's "decision to prosecute" would be based on Miller's recommendation to Moroney.

31. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*, allows for a collection account to be reported for only a seven-year period from the date of original delinquency.

4

32. The statute of limitations for enforcement of a debt as alleged by LOCM is four years. § 95.11(3), Fla. Stat (2013).

33. The statute of limitations for criminal prosecution of a worthless check under $150 is two years. § 832.05(4)(c) and § 775.15(2)(c), Fla. Stat. (2013).

34. Later in October 2013, Ms. Miller spoke with a collections representative at LOCM identifying himself as Scott Davis ("Davis"). Davis again stated the amount owed was $332, although he offered to cut the amount to $242 if payment was made immediately.

35. Davis also represented that LOCM worked directly for CVS.

36. In the same conversation, Davis attempted to verify LOCM had the correct address for Ms. Finley. Ms. Finley replied that the address LOCM had on file was a five-year-old old address. Davis responded that was the only address LOCM had for her.

37. Ms. Finley disputed the amount owed; Davis responded that the increase over the original amount was because every time CVS or TRS attempted to redeposit the check and it did not clear, a fee could be charged.

38. Ms. Finley phoned CVS directly and was told that the debt in question had long ago been sold or otherwise transferred to TRS and that CVS no longer had any interest in the debt.

39. Sometime in November 2013, LOCM re-reported their tradeline to Equifax.

40. In the November report, the amount owed was changed to $242. SEE PLAINTIFF'S EXHIBIT C.

41. TRS is vicariously liable for the actions of any law firm it hires to attempt to collect a debt.

42. Moroney is an experienced attorney who is substantially involved in the running of her office.

43. On information and belief, Moroney sets the policies and procedures for her office on how debt is collected, what fees may be charged to a consumer, how debt is reported to CRAs, and controls her office's operations. As such, she is personally liable under the FDCPA for the actions of her law firm.

44. Defendants' conduct caused Ms. Finley anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

45. Ms. Finley has hired the aforementioned law firm to represent her in this matter and is obligated to pay their reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. §1692, et. seq

46. Ms. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

47. Defendants' conduct violated 15 U.S.C. § 1692g(a) when, within five days after the initial communication with a consumer in connection with the collection of any debt, it failed to mail notice of the amount of the debt; the name of the creditor to whom it is owed; and a statement containing the consumer's rights under the FDCPA.

48. Defendants' conduct violated 15 U.S.C. § 1692f in that they used unfair means to attempt to collect a debt when they threatened Ms. Finley with impermissible legal actions.

49. Defendants' conduct violated 15 U.S.C. § 1692e(2)(a) in that they made false representation of the character, amount, or legal status of a debt when asserting that $332 or $242 was owed and that LOCM could file suit to recover this debt.

6

50. Defendants' conduct violated 15 U.S.C. § 1692e(5), in that Defendants threatened to take action which cannot legally be taken.

51. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that they made false representations and / or used deceptive means when attempting to collect a debt.

52. Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants communicated credit information known to be false and failed to communicate a disputed debt was disputed.

53. Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely represented that criminal prosecution was possible.

54. Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount and / or charge a fee not allowed by law.

55. Defendants' actions were willful and knowing.

56. Defendants' actions render them jointly and severally liable under the FDCPA to Ms. Finley.

WHEREFORE, Ms. Finley respectfully requests that this honorable Court order judgment against the Defendants, jointly and severally, for:

a. Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other relief that this Court deems just and proper.

## COUNT II
### VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, et. seq.

57. Ms. Finley adopts and incorporates the above-numbered paragraphs as if fully stated herein.

2014CC-000229-0000-00          Received in Polk 01/13/2014 10:40 PM

58. Defendants' conduct violated section 559.72(9), Florida Statutes, by knowingly asserting a legal right when such person knows the right does not exist, including, specifically, without limitation, the right to sue upon an out-of-statute debt and the right to maintain information on a credit report beyond the statutory limitation thereon.

59. Defendants' conduct violated section 559.72(9), Florida Statutes, by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate as being out of statute.

60. Defendants' conduct violated section 559.72(15), Florida Statutes, in that Defendants agent refused to provide accurate identification of himself, his employer, or entity whom he represented when requested to do so by a debtor.

61. Defendants' actions were willful, knowing, and done with the intention of deceiving Ms. Finley.

62. Defendants' actions render them jointly and severally liable under the FCCPA to Ms. Finley.

**WHEREFORE**, Ms. Finley respectfully requests that this honorable Court order judgment against the Defendants, jointly and severally, for:

a. Statutory damages of $1,000 for violation of section 559.72(9), pursuant to section 559.77(2), Florida Statutes;

b. Statutory damages of $1,000 for violation of section 559.72(15), pursuant to section 559.77(2), Florida Statutes;

c. Punitive damages in the amount of $9,000, pursuant to section 559.77(2), Florida Statutes;

8

2014CC-000229-0000-00          Received in Polk 01/13/2014 10:40 PM

d. Reasonable costs and attorney's fees pursuant to pursuant to section 559.77(2), Florida Statutes; and

e. Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Ms. Finley hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of January 2014, by:

/s Christina M. Cowart
Christina M. Cowart
Florida Bar # 27644
Seraph Legal, P.A.
2002 E. 5th Avenue • Suite 104
Tampa, FL 33605
(813) 567-1230
ccowart@seraphlegal.com
Attorney for Desiree Finley

9

2014CC-000229-0000-00     Received in Polk 01/13/2014 10:40 PM

10/28/13                                           Equifax Online Dispute

# Online Dispute

Step 1  Dispute Information     Step 2  Get Confirmation     Step 3  Submit Dispute

## Equifax Credit File™ for: Desiree Finley
### As of Date: 10/28/2013

Personal Information  Accounts | **Negative Information** | Inquiries

Accounts | Collections | Public Records

**Collections**                                                                    Show All Dispute Options

A collection is an account that has been turned over to a collection agency by one of your creditors because they believe the account has not been paid as agreed.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬                                                              Dispute Item

| Field | Value |
|---|---|
| Agency Address: | ▬▬▬▬▬▬ |
| Date Reported: | ▬▬ |
| Date Assigned: | ▬▬ |
| Creditor Classification: | ▬▬ |
| Creditor Name: | ▬▬▬ |
| Account Number: | ▬▬▬ |
| Account Owner: | ▬▬▬▬ |
| Original Amount Owned: | ▬▬ |
| Date of 1st Delinquency: | ▬▬ |
| Balance Date: | ▬▬ |
| Balance Owned: | ▬▬ |
| Last Payment Date: | |
| Status Date: | ▬▬ |
| Status: | ▬▬▬ |
| Comments: | Consumer disputes this account information |

### LAW OFFICES OF CRYSTAL MOR

                                                                                   Dispute Item

| Field | Value |
|---|---|
| Agency Address: | 17 Squadron Blvd<br>New City, NY 10956-5214<br>(877) 437-4640 |
| Date Reported: | 01/2013 |
| Date Assigned: | 09/2008 |
| Creditor Classification: | Retail |
| Creditor Name: | CVSD |
| Account Number: | D1057\XXXX |
| Account Owner: | Individual Account |
| Original Amount Owned: | $77 |
| Date of 1st Delinquency: | 09/2008 |
| Balance Date: | 01/2013 |
| Balance Owned: | $332 |
| Last Payment Date: | |
| Status Date: | 01/2013 |
| Status: | D - Unpaid |
| Comments: | Returned check |

**PLAINTIFF'S EXHIBIT A**

https://www.ai.equifax.com/CreditInvestigation/loadCollectionsDetailNegativeInfo.action?tab=collections

**2014CC-000229-0000-00          Received in Polk 01/13/2014 10:40 PM**

12/13/13 Florida Office of Financial Regulation

# FLORIDA OFFICE of FINANCIAL REGULATION



...art, Efficient and Effective Regula...

Home   About OFR   Apply for a License   Verify a License   File a Complaint   News   Research Resources

## PUBLIC LICENSE SEARCH

The OFR public license search contains information about businesses and individuals regulated by the Office of Financial Regulation, excluding pending applications.
To search for an individual, you must enter at least the individual's last name or the individual's license number, and then select the Search button.
To search for a business, you must enter the business name or the license number, and then select the Search button.
If your search returns multiple results, click on the hyperlink on the license number and the license details will be displayed.
NOTICE REGARDING VERIFYING MORTGAGE INDUSTRY LICENSES: Individuals, Companies, and Branch Offices that hold an ACTIVE license as reflected on this website regardless of the license expiration date may continue operating on or after January 1, 2011.

First Name: [          ]   Last Name: [          ]
Business Name: LAW OFFICES OF CRYS

License Number: [          ]   License Type: Consumer Collection Agency
Status: [          ]

City: [          ]   State: NY

[Search]  [Reset]

0 Records Found

Accessibility          Contact Us          Site Map
                       (850) 487-9687

PLAINTIFF'S EXHIBIT B

https://real.flofr.com/ConsumerServices/SearchLicensingRecords/Search.aspx          1/1

2014CC-000229-0000-00   Received in Polk 01/13/2014 10:40 PM

11/15/13             Equifax Online Dispute

## Online Dispute

Step 1   Dispute Information    Step 2   Get Confirmation    Step 3   Submit Dispute

### Equifax Credit File™ for: Desiree Finley
As of Date: 11/15/2013

Personal Information | Accounts | **Negative Information** | Inquiries

Accounts | Collections | Public Records

**Collections**

A collection is an account that has been turned over to a collection agency by one of your creditors because they believe the account has not been paid as agreed.

*Show All Dispute Options*

| | | Dispute Item |
|---|---|---|
| Agency Address: | [redacted] | |
| Date Reported: | [redacted] | |
| Date Assigned: | [redacted] | |
| Creditor Classification: | [redacted] | |
| Creditor Name: | [redacted] | |
| Account Number: | [redacted] | |
| Account Owner: | [redacted] | |
| Original Amount Owned: | [redacted] | |
| Date of 1st Delinquency: | [redacted] | |
| Balance Date: | [redacted] | |
| Balance Owned: | [redacted] | |
| Last Payment Date: | | |
| Status Date: | [redacted] | |
| Status: | [redacted] | |
| Comments: | Consumer disputes this account information | |

**LAW OFFICES OF CRYSTAL MOR**

| | | Dispute Item |
|---|---|---|
| Agency Address: | 17 Squadron Blvd<br>New City, NY 10056-5214<br>(877) 437-0540 | |
| Date Reported: | 11/2013 | |
| Date Assigned: | 09/2008 | |
| Creditor Classification: | Retail | |
| Creditor Name: | CVSD | |
| Account Number: | D108756XXXX | |
| Account Owner: | Individual Account | |
| Original Amount Owned: | $77 | |
| Date of 1st Delinquency: | 09/2008 | |
| Balance Date: | 11/2013 | |
| Balance Owned: | $242 | |
| Last Payment Date: | | |
| Status Date: | 11/2013 | |
| Status: | D - Unpaid | |
| Comments: | Returned check | |

PLAINTIFF'S EXHIBIT C

https://www.equifax.com/CreditInvestigation/osuCollectionsDetailNavigation.action?tab=collections

2014CC-000229-0000-00      Received in Polk 01/13/2014 10:40 PM